■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN JOSEPH MANFRO, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— GREENBLOTT, J. Appeal from a judgment of the Supreme Court at Special Term, entered May 9, 1969 in Clinton County, which dismissed a writ of habeas corpus after a hearing. The defendant was convicted of assault, second degree, in Ulster County Court on June 17, 1963, and sentenced to an indeterminate term of 2½ to 5 years. Execution of the sentence was suspended and he was placed on probation. On February 3, 1964, he was charged with a violation

of probation. A hearing on the probation charge was conducted during which the appellant was not represented by counsel. As a result of the hearing, appellant's probation was revoked and he was committed to the Clinton Prison on the original sentence. On October 31, 1966 he was granted parole. Shortly thereafter, on November 26, 1966, appellant was arrested for the crimes of burglary, third degree, attempted grand larceny and petit larceny. Following his conviction after trial, he was sentenced on April 26, 1967 as a second felony offender and received concurrent terms of 5 to 10 years. On April 8, 1968 appellant successfully moved in Ulster County Court for resentencing on his 1967 conviction as a first felony offender on the ground that his constitutional rights had been violated at the probation revocation proceedings in 1964. He contended that he had not been represented by counsel and for that reason, his 1963 conviction could not have been used as a lawful predicate for second felony treatment at his 1967 sentencing. On July 29, 1968, the 1967 sentence was vacated and he was resentenced as a first felony offender to the indeterminate term of 4 to 8 years, which he is presently serving. Appellant contends that the time he served in prison on his 1963 conviction (February 14, 1964 to October 31, 1966) should have been credited against the 4 to 8 year term he is serving on his 1967 conviction, and that if the time served on the 1963 conviction had been so credited, he would presently be eligible for release from prison. In support of this contention he relies on the provisions of subdivision 3 of section 70.30 of the Penal Law: "In any case where a person has been in custody due to a charge that *culminated in a dismissal or an acquittal*, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody." (Emphasis supplied.) Appellant's contentions are without merit. Appellant cannot be credited with the time served on a term of imprisonment on the assault second degree charge of 1963 because that was not time served on a charge culminating in a dismissal or acquittal. It culminated in his conviction on June 17, 1963. While it is true that his prison sentence was set aside, the original conviction remains in effect. Furthermore, appellant cannot expect to receive credit for prison time served on an unrelated charge prior to the date he committed the crime for which he is now serving a prison sentence. (*People* v. *Kowalsky*, 2 A D 2d 938.) Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.